# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANDY NEAL LLC.,** a Florida limited liability company<br>394 Anessa Rose, Loop<br>Ocoee, FL, 34761<br><br>-and-<br><br>**ANDREW NEAL,**<br>394 Anessa Rose, Loop<br>Ocoee, FL, 34761<br><br>**Plaintiffs**<br><br>**Against**<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,** an agency of the United States,<br>20 Massachusetts Ave NW,<br>Washington DC 20529<br><br>**Defendant** | **Case No.**<br><br>**COMPLAINT** |

## I. INTRODUCTION

1. This is an action brought under the Administrative Procedure Act seeking to have the United States Citizenship and Immigration Services' decision revoking ANDY NEAL LLC (ANL)'s petition to classify ANDREW NEAL as a nonimmigrant multinational manager held unlawful and set aside. As will be shown the decision was erroneous as a matter of law because it was revoked on a basis which not only does not exist in the applicable regulation, but in fact, is plainly contrary to the intention of the Secretary of Homeland Security in drafting that regulation and, if allowed as a basis for revocation, would render a portion of the same superfluous. What is

more, the decision was based upon a determination that ANL's petition was to employ Mr. Neal in an executive capacity, whereas in fact it was approved to employ him in a managerial capacity, and the decision ignored substantial evidence showing that Mr. Neal was in fact employed in a managerial capacity by ANL.

## II. PLAINTIFFS

2. ANDY NEAL LLC (ANL) is a holding company for certain U.S. businesses engaged in the sale of real estate. It 100% owned by Mr. Neal, its sole member. Andy Neal LLC now holds 50% ownership of both Maxim LLC and ODN Realty LLC. The company's head office is in Ft. Myers Florida and it also has a branch office in Bonita Beach, FL. ANL, directly and through its subsidiaries, seeks to provide all clients with expert and ethical real estate agents who have comprehensive experience in all aspects of commercial and residential real estate and offers tools and resources to make selling, buying and leasing smooth and efficient. More information about ANL's Maxim LLC subsidiary can be found at http://maximrealtors.com

3. ANDREW NEAL is a native and citizen of the United Kingdom currently residing in Florida. He has been the head manager/director of a U.K. real estate company, Andrew & Co., for over seven years. Prior to his management of Andrew & Co, Mr. Neal worked as a Business Development Manager for Zoopia.com in London from June 2008 through October 2009 and July 2000 to June 2008, he worked for Gould Harrison Estate Agents as an agent.

## III. DEFENDANT

4. The defendant, United States Citizenship and Immigration Services (USCIS), is an agency of the United States residing in the District of Columbia.

## IV. JURISDICTION

5. This being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101, *et. seq.*, and the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq.*, both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## V. STANDING

6. ANL has a legally protected interest in a decision by the USCIS on its petition upon Mr. Neal's behalf which is not arbitrary and capricious, nor an abuse of discretion, and which is in accordance with law, per 5 U.S.C. § 706(2), and the invasion of this right has caused it concrete and particularized injury in that, as a result of this invasion, ANL can no longer employ Mr. Neal, and, therefore, cannot benefit from his management services and guidance he provides as its Executive Manager. There is a causal connection between the injury-in-fact and the defendant's challenged behavior in that it is precisely the defendant's revocation of ANL's petition that has caused ANL to sustain this loss and it is reasonably certain that the injury-in-fact will be redressed by a favorable ruling in that an approval of ANL's petition will authorize Mr. Neal to work for it. Accordingly, ANL has standing to complain of the agency's decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

7. Mr. Neal likewise has a legally protected interest in a decision by the USCIS on ANL's petition upon his behalf which is not arbitrary, capricious, nor an abuse of discretion, and which is in accordance with law, per 5 U.S.C. § 706(2), and this right has been invaded in that the improper revocation of ANL's petition has caused him concrete and particularized injury in that as a result of this denial he can no longer be employed by ANL and so cannot derive the revenue he previously

received from his employment and, further this denial has deprived him of his legal status in the U.S. and so, if not corrected, will soon compel him to depart to avoid one or more of the following

    a. Being placed in removal proceedings and subject to detention;

    b. Becoming inadmissible to the U.S. for three years if he departs the U.S. over 180 days after the unfavorable decision complained of in this action and/or

    c. Becoming inadmissible to the U.S. for 10 years if he departs the U.S. in a year or more from the unfavorable decision.

    8. There is a causal connection between the injury-in-fact and the defendant's challenged behavior in that it is precisely the defendant's denial of ANL's petition and Mr. Neal's application for extension of stay which caused him to cease working for ANL and will soon require him to depart the country to avoid the mentioned detriments. It is reasonably certain that the injury-in-fact will be redressed by a favorable ruling in that such a ruling will enable Mr. Neal to resume his lawful employment and lawful status as an L-1A nonimmigrant employed by ANL. Accordingly, Mr. Neal has standing to complain of this action. *Lujan, supra.*

## VI. VENUE

    9. Pursuant to 28 U.S.C. § 1391(e), venue is proper in the District of Columbia, where the defendant resides.

## VII. BRIEF STATEMENT OF PROCEDURAL HISTORY AND LEGAL BACKGROUND

10. On May 3, 2018, ANL, filed a Petition for a Nonimmigrant Worker (Form 1-129) with U.S. Citizenship and Immigration Services (USCIS), seeking nonimmigrant

classification for Andrew Edward Neal under section 101(a)(15)(L) of the Immigration and Nationality Act (INA).

11. USCIS approved the petition on July 16, 2018.

12. On May 10, 2019, following the issuance of a notice of intent to revoke and the response, the USCIS revoked ANL's petition under 8 C.F.R. § 214.2(l)(9)(iii) (the "Decision").

13. The decision described a number of perceived deficiencies in ANL's response and concluded "For the foregoing reasons, you have not established that the beneficiary would be employed in a primarily managerial or executive capacity in the United States." Decision at 5. It did not mention that any of these deficiencies represented changes in the facts as they existed at the time of the approval of the L-1A petition.

## VIII. CAUSE OF ACTION

15. 5 U.S.C. § 706 provides in material part that: "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an Agency action. The reviewing court shall--

…

(2) hold unlawful and set aside Agency action, findings, and conclusions found to be--

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

## COUNT I

## THE REVOCATION WAS NOT IN ACCORDANCE WITH LAW BECAUSE ITS STATED BASIS IS NOT AUTHORIZED BY THE APPLICABLE REGULATION

16. Revocation of L-1A petitions are solely authorized by 8 C.F.R. § 214.2(l)(9)(iii), which provides that:

(A) The director shall send to the petitioner a notice of intent to revoke the petition in relevant part if he/she finds that:

 (1) One or more entities are no longer qualifying organizations;

(2) The alien is no longer eligible under section 101(a)(15)(L) of the Act;

(3) A qualifying organization(s) violated requirements of section 101(a)(15)(L) and these regulations;

(4) The statement of facts contained in the petition was not true and correct; or

(5) Approval of the petition involved gross error; or

(6) None of the qualifying organizations in a blanket petition have used the blanket petition procedure for three consecutive years.

17. None of these grounds include the stated basis for denial, that being that the petitioner has not established that the beneficiary would be employed in a primarily managerial or executive capacity in the United States.

18. In fact none of the specified grounds for revocation even refer to the employment of the beneficiary except subclause (2) ("The alien is no longer eligible under section 101(a)(15)(L) of the Act;").

19. Nowhere in the Decision is it so much as asserted that Mr. Neal is **no longer** eligible under section 101(a)(15)(L) of the Act.

20. "No longer" means "not now as formerly". *Mun. Gas Auth. v. Teton Fuels Mid-Georgia, LLC*, No. 1:06-CV-186-JTC, 2008 WL 6690030, 2008 U.S. Dist. LEXIS 104580, at *33 (N.D. Ga. Mar. 26, 2008), quoting the Oxford English Dictionary (2d ed. 1989).

21. To conclude that Mr. Neal was "no longer" eligible under section 101(a)(15) of the Act, USCIS would necessarily be required to find some kind of change in his employment or the petitioner.

22. This the agency did not do.

23. Rather, the USCIS simply found that ANL had failed to prove a second time to its satisfaction that Mr. Neal qualified as a multinational manager or, in short, that it was wrong to have approved this petition in the first place.

24. Such a finding is not only inconsistent with the plain meaning of the phrase "no longer", but also is contrary to the obvious intent of the Secretary of Homeland Security in drafting this regulation, in that it renders subclause (5) of the same superfluous.

25. By providing in § 214.2(l)(9)(iii)(A)(5) that a petition may be revoked if "Approval of the petition involved gross error", the Secretary of Homeland Security unmistakably expressed his

intent that a petition could not be revoked by of simple or ordinary or any other form of error less egregious than "gross".

26. By finding that Mr. Neal did not qualify as a multinational manager without finding that there had been any change from the time the petition was approved, the USCIS effectively revoked this petition because it found that its prior approval was in error.

27. Such a finding, if allowed to stand, would certainly be contrary to the Secretary of Homeland Security's intention than an L petition only be revoked if it was approved in gross error.

28. Further, it would also render subclause (5) of that regulation superfluous, in that if a petition may be revoked for simple or ordinary error, there would be no need for a subclause permitting it to be revoked for gross error.

29. "Regulations, like statutes, are interpreted according to canons of construction. Chief among these canons is the mandate that 'constructions which render regulatory provisions superfluous are to be avoided.'" Matter of Castro-Tum, 27 I. & N. Dec. 271, 287 (B.I.A. May 17, 2018), quoting Black & Decker Corp. v. Comm'r of Internal Revenue, 986 F.2d 60, 65 (4th Cir. 1993), quoting Hart v. McLucas, 535 F.2d 516, 519 (9th Cir. 1976)). "There would be no need to provide that immigration judges "may" administratively close specific cases if they already possessed the discretionary power to do so." Castro-Tum, 27 I & N. Dec. at 287.

30. Here if an L-1A petition could be revoked merely upon a showing that the beneficiary did not now qualify as a multinational manager, without showing that any change had occurred since the petition was approved, or, in short, that the petition had been approved in error, then there would never be any reason for the agency to allege or prove that the petition had been approved in *gross* error, and subclause (5) would be superfluous.

## COUNT II

### THE REVOCATION WAS ARBITRARY BECAUSE IT WAS PREMISED UPON THE IRRELEVANT FINDING THAT MR. NEAL WOULD NOT BE EMPLOYED IN A EXECUTIVE CAPACITY WHEN IN FACT ANL'S PETITION WAS APPROVED TO EMPLOY HIM IN A MANAGERIAL CAPACITY

31. ANL made it unmistakably clear in its response to the Request For Evidence in the petition proceedings which resulted in the approval of its petition upon Mr. Neal's behalf that it was petitioning for him in a managerial capacity.

32. Nevertheless, USCIS premised its revocation upon the claim that Mr. Neal would not be employed in an executive capacity.

33. Inasmuch as the petition was filed to employ Mr. Neal in a managerial capacity, whether he would be employed in an executive capacity is irrelevant, and so arbitrary. See North Carolina v. EPA, 382 U.S. App. D.C. 167, 201, 531 F.3d 896, 930 (2008) ("The SO[2] regionwide caps are entirely arbitrary, since EPA based them on irrelevant factors like the existence of the Title IV program").

34. But even if one reads the Notice's final conclusory assertion that "for the foregoing reasons, you have not established that that (sic) the beneficiary would be employed in a primarily managerial or executive capacity in the United States", as an actual finding that Mr. Neal would not be employed in a managerial capacity, the Notice of Revocation was still arbitrary and capricious because it is based solely upon ANL's purported failure to prove that he would be employed in an executive capacity and therefore unsupported by substantial, or in fact any, evidence. Association of Data Processing Serv. Orgs. v. Board of Governors, 240 U.S. App. D.C. 301, 745 F.2d 677, 683 (D.C. Cir. 1984) (Scalia, J).

## COUNT III

THE BASES UPON WHICH THE DECISION FOUND THAT ANL FAILED TO PROVE THAT MR. NEAL WAS EMPLOYED IN AN EXECUTIVE CAPACITY ARE ARBITRARY BECAUSE THEY ARE CONCLUSORY AND/OR FAILED TO CONSIDER EXTENSIVE CONTRADICTORY EVIDENCE IN THE RECORD.

35. The decision to revoke ANL's petition because "the record is insufficient to demonstrate that the beneficiary will be employed in a primarily executive capacity supervising and controlling the work of other managerial, supervisory, or professional employees", appears premised upon two findings, first, that Mr. Neal's job description "lacked sufficient detail", and second, that "Your supporting documents do not show how the beneficiary controls the work of other managers and professionals in the U.S. entity". Both of these holdings are arbitrary.

A. **The finding that ANL failed to prove that Mr. Neal would be employed in an executive capacity because his job description "lacked sufficient detail" was arbitrary because it was conclusory**

36. The USCIS's holding that ANL's over two pages of job description " lacked sufficient detail to determine whether the beneficiary's position is primarily executive" cannot be distinguished from the decision reviewed in *Butte Cty. v. Hogen*, 613 F.3d 190 (D.C. Cir. 2010), where the D.C. Circuit Court of Appeals found that an agency's denial of an in forma pauperis request, challenged as being arbitrary and capricious, would have been insufficient, standing alone, because the conclusory declaration that the requestor's affidavit of indigency was "inadequately supported" did not explain why the agency regarded the request as unsupported and was not "'self-explanatory,' …from the statement's context.

37. So too the claim that ANL's over 2 page job description "lacked sufficient detail" " did not explain why the USCIS regarded the job description as insufficiently detailed and was not "'self-explanatory,' …from the statement's context. It was therefore conclusory, and so arbitrary.

B. **The claim that ANL's supporting documents do not show how Mr. Neal controls the work of other managers and professionals in the U.S. entity is arbitrary because it ignores contradictory evidence.**

38. The author of the Notice of Revocation shows no sign of having even read, much less actually considered, Mr. Neal's 5 page Statement of April 12, 2019, Exhibit 6 at 206-2010, in which he explains in elaborate detail how he controls the work of at least one manager, Bent Danholm:

39. the decision also completely ignores two letters, totaling 12 pages, from Matthew Skipper, Director of Andrew & Co (UK), describing Mr. Neal's oversight of the UK entity, Exhibit 6 at

226-237, in which he specifically describes how Mr. Neal continues to control managers in the UK even while working in the U.S.

40. Such a wholesale disregard of relevant evidence makes a decision arbitrary. *See, e.g., Genuine Parts Co. v. EPA*, 890 F.3d 304, 312 (D.C. Cir. 2018) ("[A]n agency cannot ignore evidence contradicting its position." (quoting *Butte Cty*, 613 F.3d at 194) and *Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs.*, 2018 U.S. Dist. LEXIS 196284, *23

## CONCLUSION

WHEREFORE the decision in this matter both is not in accordance with law and arbitrary and so should be held unlawful and set aside.

Respectfully submitted this ___ day of June, 2019

*s/Michael E. Piston*
Michael E. Piston (MI 002)
Attorney for the Plaintiffs
225 Broadway, Ste 307
New York, NY 10007
646-845-9895